IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JASON E. ROGERS, #254 032 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-533-TMH |
| | | (WO) |
| STATE OF ALABAMA | * | |
| Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Draper Correctional Facility located in Elmore, Alabama, files this action, styled as a *Petition for Writ of Mandamus*, seeking mandamus relief against the state courts of Alabama concerning rulings and decisions made by those courts with respect to Plaintiff's June 2007 conviction under Ala. Code § 13A-6-110 (1975). Plaintiff names as defendant the State of Alabama. The Court has carefully reviewed the allegations contained in Plaintiff's petition. From that review, the Court concludes that it lacks authority to grant Plaintiff the relief he seeks.

**I. DISCUSSION**

Plaintiff has filed the instant action naming the State of Alabama as the sole defendant. According to Plaintiff, the state courts have failed to admit that their application of a statute used to obtain his conviction for solicitation of a child by computer was erroneous. This erroneous application of an alleged invalid statute, Plaintiff claims, has

caused him to seek federal jurisdiction by way of a mandamus petition in which he requests expungement of his criminal records, reversal of his conviction, and the dismissal of all charges against him. (Doc. No. 1).

*A. Mandamus Relief*

In filing the instant action, Plaintiff requests mandamus relief essentially seeking an order compelling the trial, appellate, and/or supreme courts of Alabama to reconsider his 2007 conviction and ten year sentence for solicitation of a child by computer entered against him by the Circuit Court for Autauga County, Alabama. Writs of mandamus have been abolished in federal practice pursuant to Rule 81(b) of the *Federal Rules of Civil Procedure*, although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361. Thus, federal courts have jurisdiction over mandamus actions that seek to compel a **federal** official to perform a specific duty. *See* 28 U.S.C. § 1361 (2006). However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Move v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight,* 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). This Court's original mandamus jurisdiction extends only to an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (2006). Accordingly, this Court

lacks the authority to grant Plaintiff the relief he seeks herein.

*B. The Challenge to Plaintiff's Conviction*

To the extent Plaintiff seeks to challenge his state court conviction and/or the sentence imposed as a result of the judgment, neither a mandamus petition nor a civil rights lawsuit under 42 U.S.C. § 1983 is an appropriate remedy. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (Federal district courts "do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Thus, the proper vehicle for mounting the challenges presented in the instant action would be the filing of a habeas application pursuant to 28 U.S.C. § 2254. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373 (S.D. Fla. 2000).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's petition for writ of mandamus against Defendant State of Alabama be

DISMISSED as the Court lacks jurisdiction to grant the requested relief;

2. To the extent Plaintiff seeks to challenge the validity of his conviction and/or sentence, this action be DISMISSED without prejudice; *see* 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. The petition be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 26, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981).

Done, this 12th day of July, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE